# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1341V
UNPUBLISHED

|  |  |
|---|---|
| MEGAN MOREY, | Chief Special Master Corcoran |
| Petitioner, | Filed: July 28, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Heather Varney Menezes, Shaheen & Gordon, P.A., Manchester, NH, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 7, 2020, Megan Morey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving an influenza ("flu") vaccine on March 4, 2019. Petition at 1, ¶ 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 30, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 35. On July 25, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $124,451.10, representing $122,500.00 for her pain and suffering, $329.32 for her past expenses, and $1,621.78 for her lost wages. Proffer at 1. In the Proffer, Respondent

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>124,451.10</u>, representing $122,500.00 for her pain and suffering, $329.32 for her actual unreimburseable expenses, and $1,621.78 for her lost wages in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

MEGAN MOREY,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

No. 20-1341V (ECF)
Chief Special Master Corcoran

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 7, 2020, Megan Morey ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (the "Vaccine Act"). Petitioner alleged that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccination. ECF No. 1 at 1.

On June 29, 2022, respondent filed a report conceding that compensation under the Vaccine Act is appropriate in this case. ECF No. 34.

On June 30, 2020, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. ECF No. 35. On the same date, the Chief Special Master issued a Damages Order. ECF No. 36.

## I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $124,451.10. The award is comprised of the following: $122,500.00 for pain and suffering; $329.32 for past expenses; and $1,621.78 for lost wages. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$124,451.10**, in the form of a check payable to petitioner.  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ Naseem Kourosh
NASEEM KOUROSH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone:  (202) 305-1159
E-mail:  Naseem.Kourosh@usdoj.gov

DATED:  July 25, 2022